Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. TROPICA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GIOVANNI COSMETICS, INC., a California Corporation; ALBERTSONS COMPANIES, INC., a Delaware Corporation, individually and doing business as "Acme Markets," "Albertsons," "Haggen," "Jewel Osco," "Lucky's Market," and "Vons"; THE BARTELL DRUG COMPANY, a Washington Corporation; BED BATH & BEYOND, INC., a New York Corporation; BIG Y FOODS, INC., a Massachusetts Corporation; BROOKSHIRE GROCERY COMPANY, a Texas Corporation; BUSCH'S, INC., a | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. PATENT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

| | |
|---|---|
| 1 | Michigan Corporation; COBORN'S, INCORPORATED, a Minnesota Corporation; DIERBERGS MARKETS, INC., a Missouri Corporation; THE KROGER CO., an Ohio Corporation, individually and doing business as "Dillons," "Fred Meyer," "Fry's," King Soopers," "Kroger," "Ralphs," and "Roundy's"; EARTH FARE, INC., a North Carolina Corporation; EARTH ORIGINS MARKET, a Florida business entity of unknown form; FOOD LION, LLC, a North Carolina Limited Liability Company; LAKES VENTURE, LLC, a Delaware Limited Liability Company, individually and doing business as "Fresh Thyme Market"; GELSON'S MARKETS, a California Company; GIANT EAGLE, Inc., a Pennsylvania Corporation; HANNAFORD BROS. CO., LLC, a Maine Limited Liability Company; HEINEN'S, INC., an Ohio Corporation; HY-VEE, INC., an Iowa Corporation; INGLES MARKETS, INCORPORATED, a North Carolina Corporation; LASSENS NATURAL FOODS & VITAMINS, LLC, a California Company; LOWES FOODS, LLC, a North Carolina Limited Liability Company; LUND FOOD HOLDINGS, INC., a Minnesota Corporation; MARKET OF CHOICE, INC., an Oregon Corporation; MEIJER, Inc., a Michigan Corporation; MOTHER'S MARKET & KITCHEN, INC., a Delaware Corporation; NATIONAL COOPERATIVE GROCERS ASSOCIATION, an Iowa business entity; NATURAL GROCERS BY VITAMIN COTTAGE, INC., a Delaware Corporation; NAVARRO |

DISCOUNT PHARMACIES NO. 1, LLC, a Florida Limited Liability Company; NEW SEASONS MARKET, LLC, an Oregon Limited Liability Company; NUGGET MARKET, INC., a California Corporation; PHARMACA INTEGRATIVE PHARMACY, INC., a Delaware Corporation; THE PRICE CHOPPER, INC., a New York Corporation; PUBLIX SUPER MARKETS, INC., a Florida Corporation; ROCHE BROS., INC., a Massachusetts Corporation; ROUSE'S ENTERPRISES, LLC, a Louisiana Limited Liability Company; WAKEFERN FOOD CORP., a New Jersey Corporation, individually and doing business as "ShopRite"; SPROUTS FARMERS MARKET, INC., a Delaware Corporation; TARGET CORPORATION, a Minnesota Corporation; THE FRESH MARKET, INC., a New Hampshire Corporation; WALMART, INC., a Delaware Corporation; WEGMANS FOOD MARKETS, INC., a New York Corporation; WHOLE FOODS MARKET SERVICES, INC., a Delaware Corporation; YOKE'S FOODS, INC., a Washington Corporation; and DOES 1-10,

Defendants.

Plaintiff, ST. TROPICA, INC. ("ST. TROPICA" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

3
COMPLAINT

## INTRODUCTION

Plaintiff creates natural, cruelty-free, vegan, and environmentally friendly hair and skin care products. Plaintiff's business is predicated in part on its extensive research and development of new and innovative products. One such critical innovation was Plaintiff's invention of microwaveable package hot oil hair treatments – an invention for which Plaintiff holds a United States patent. The defendants in this case have developed, created, imported, purchased, and/or sold without permission product infringing Plaintiff's proprietary patented invention.

## JURISDICTION AND VENUE

1. This action arises under the Patent Act, Title 35 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ST. TROPICA is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located in Las Vegas, Nevada, and is doing business in and with the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant GIOVANNI COSMETICS, INC., ("GIOVANNI") is a corporation organized and existing under the laws of the State of California with its principal place of business located in Beverly Hills, California, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ALBERTSONS COMPANIES, INC., individually and doing business as "Acme Markets," "Albertsons," "Haggen," "Jewel Osco," "Lucky's Market," and "Vons"

(collectively "ALBERTSONS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 250 Parkcenter Blvd. Boise, ID 83706, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant THE BARTELL DRUG COMPANY ("BARTELL") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 4025 Delridge Way SW, #400, Seattle, WA 98106, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant BED BATH & BEYOND, INC. ("BED BATH & BEYOND") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 650 Liberty Ave., Union, NJ 07083, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant BIG Y FOODS, INC. ("BIG Y") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 2145 Roosevelt Ave., Springfield, MA 01104, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant BROOKSHIRE GROCERY COMPANY ("BROOKSHIRE") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at P.O. Box 1411, Tyler, TX 75701, and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant BUSCH'S, INC. ("BUSCH'S") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 2240 S.

Main Street, Ann Arbor, MI 48103, and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant COBORN'S, INCORPORATED ("COBORN'S") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1921 Coborn Blvd, PO Box 6146 St. Cloud, MN 56302, and is doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant DIERBERGS MARKETS, INC. ("DIERBERGS") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located at 16690 Swingley Ridge Road, Chesterfield, MO 63017, and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant THE KROGER CO., individually and doing business as "Dillons," "Fred Meyer," "Fry's," King Soopers," "Kroger," "Ralphs," and "Roundy's" (collectively "KROGER") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1014 Vine Street, Cincinnati, OH 45202, and is doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant EARTH FARE, INC. ("EARTH FARE") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 220 Continuum Drive, Fletcher, NC 28732, and is doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant EARTH ORIGINS MARKET ("EARTH ORIGINS") is a business entity of unknown form organized and existing under the laws of the State of Florida with its

principal place of business located at 30555 US Hwy 19 N, Palm Harbor, FL 34684, and is doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant FOOD LION, LLC ("FOOD LION") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at P.O. Box 1330, Salisbury, NC 28145, and is doing business in and with the State of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant LAKES VENTURE, LLC, individually and doing business as "Fresh Thyme Market" (collectively "FRESH THYME") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2650 Warrenville Road, Suite 700, Downers Grove, IL 60515, and is doing business in and with the State of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant GELSON'S MARKETS ("GELSON'S") is a company organized and existing under the laws of the State of California with its principal place of business located at 16400 Ventura Blvd., Suite 240, Encino, CA 91436, and is doing business in and with the State of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant GIANT EAGLE, INC. ("GIANT EAGLE") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 101 Kappa Drive, Pittsburgh, PA 15238, and is doing business in and with the State of California.

21. Plaintiff is informed and believes and thereon alleges that Defendant HANNAFORD BROS. CO., LLC ("HANNAFORD") is a limited liability company organized and existing under the laws of the State of Maine with its principal place

of business located at 145 Pleasant Hill Road, Scarborough, ME, and is doing business in and with the State of California.

22. Plaintiff is informed and believes and thereon alleges that Defendant HEINEN'S, INC. ("HEINEN'S") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 4540 Richmond Rd., Warrensville Heights, OH 44128, and is doing business in and with the State of California.

23. Plaintiff is informed and believes and thereon alleges that Defendant HY-VEE, INC. ("HY-VEE") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 5820 Westown Pkwy, West Des Moines, IA 50266, and is doing business in and with the State of California.

24. Plaintiff is informed and believes and thereon alleges that Defendant INGLES MARKETS, INCORPORATED ("INGLES") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at P.O. Box 6676, Asheville, NC 28816, and is doing business in and with the State of California.

25. Plaintiff is informed and believes and thereon alleges that Defendant LASSENS NATURAL FOODS & VITAMINS, LLC ("LASSENS") is a company organized and existing under the laws of the State of California with its principal place of business located at 1650 Palma Dr., Suite 208, Ventura, CA 93003, and is doing business in and with the State of California.

26. Plaintiff is informed and believes and thereon alleges that Defendant LOWES FOODS, LLC ("LOWES") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at PO Box 24908, Winston-Salem, NC 27114, and is doing business in and with the State of California.

27. Plaintiff is informed and believes and thereon alleges that Defendant LUND FOOD HOLDINGS, INC. ("LUND") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 4100 West 50th Street, Suite 2100, Edina, MN 55424, and is doing business in and with the State of California.

28. Plaintiff is informed and believes and thereon alleges that Defendant MARKET OF CHOICE, INC. ("CHOICE") is a corporation organized and existing under the laws of the State of Oregon with its principal place of business located at 2862 Willamette St., Eugene, OR 97405, and is doing business in and with the State of California.

29. Plaintiff is informed and believes and thereon alleges that Defendant MEIJER, INC. ("MEIJER") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 2929 Walker Ave., Grand Rapids, MI 49544, and is doing business in and with the State of California.

30. Plaintiff is informed and believes and thereon alleges that Defendant MOTHER'S MARKETS & KITCHEN, INC. ("MOTHER'S") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Kalmus Drive, Costa Mesa, CA 92626, and is doing business in and with the State of California.

31. Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL COOPERATIVE GROCERS ASSOCIATION ("NATIONAL CO-OP") is a business entity organized and existing under the laws of the State of Iowa with its principal place of business located at 14 South Linn Street, Iowa City, IA 52240, and is doing business in and with the State of California.

32. Plaintiff is informed and believes and thereon alleges that Defendant NATURAL GROCERS BY VITAMIN COTTAGE, INC. ("NATURAL

GROCERS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 12612 West Alameda Parkway, Lakewood, CO 802288, and is doing business in and with the State of California.

33. Plaintiff is informed and believes and thereon alleges that Defendant NAVARRO DISCOUNT PHARMACIES NO. 1, LLC ("NAVARRO") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 9675 NW 117th Ave., #202, Medley, FL 33178, and is doing business in and with the State of California.

34. Plaintiff is informed and believes and thereon alleges that Defendant NEW SEASONS MARKET, LLC ("NEW SEASONS") is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business located at 1300 SE Stark St., Suite 401, Portland, OR 97214, and is doing business in and with the State of California.

35. Plaintiff is informed and believes and thereon alleges that Defendant NUGGET MARKET, INC. ("NUGGET") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 311 Mace Blvd., Davis, CA 95618, and is doing business in and with the State of California.

36. Plaintiff is informed and believes and thereon alleges that Defendant PHARMACA INTEGRATIVE PHARMACY, INC. ("PHARMACA") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4940 Pearl East Circle, Suite 301, Boulder, CO 80301, and is doing business in and with the State of California.

37. Plaintiff is informed and believes and thereon alleges that Defendant THE PRICE CHOPPER, INC. ("PRICE CHOPPER") is a corporation organized and existing under the laws of the State of New York with its principal place of business

located at 461 Nott St., Schenectady, NY 12308, and is doing business in and with the State of California.

38. Plaintiff is informed and believes and thereon alleges that Defendant PUBLIX SUPER MARKETS, INC. ("PUBLIX") is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at PO Box 407, Lakeland, FL 33802, and is doing business in and with the State of California.

39. Plaintiff is informed and believes and thereon alleges that Defendant ROCHE BROS, INC. ("ROCHE") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located 70 Hastings St., Wellesley Hills, MA 02481, and is doing business in and with the State of California.

40. Plaintiff is informed and believes and thereon alleges that Defendant ROUSE'S ENTERPRISES, LLC ("ROUSE'S") is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business located at P.O. Box 5358, Thibodaux, LA 70302, and is doing business in and with the State of California.

41. Plaintiff is informed and believes and thereon alleges that Defendant WAKEFERN FOOD CORP., individually and doing business as "ShopRite" (collectively "SHOPRITE") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 5000 Riverside Drive, Keasbey, NJ 08832, and is doing business in and with the State of California.

42. Plaintiff is informed and believes and thereon alleges that Defendant SPROUTS FARMERS MARKET, INC. ("SPROUTS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of

business located at 5455 E. High Street, Suite 111, Phoenix, AZ 85054, and is doing business in and with the State of California.

43. Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION ("TARGET") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1010 Dale St. N, St. Paul, MN 55117, and is doing business in and with the State of California.

44. Plaintiff is informed and believes and thereon alleges that Defendant THE FRESH MARKET, INC. ("FRESH MARKET") is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business located at 628 Green Valley Road, Suite 500, Greensboro, NC 27408, and is doing business in and with the State of California.

45. Plaintiff is informed and believes and thereon alleges that Defendant WALMART, INC. ("WALMART") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 702 S.W. 8th Street, Bentonville, AK 72716, and is doing business in and with the State of California.

46. Plaintiff is informed and believes and thereon alleges that Defendant WEGMANS FOOD MARKETS, INC. ("WEGMANS") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1500 Brooks Avenue, Box 30844, Rochester, NY 14603, and is doing business in and with the State of California.

47. Plaintiff is informed and believes and thereon alleges that Defendant WHOLE FOODS MARKET SERVICES, INC. ("WHOLE FOODS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 550 Bowie Street, Austin, TX 78703, and is doing business in and with the State of California.

48. Plaintiff is informed and believes and thereon alleges that Defendant YOKE'S FOODS, INC. ("YOKE'S") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 3426 S University Road, Spokane Valley, WA 99206, and is doing business in and with the State of California.

49. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or employees to a manufacturer or vendor) of cosmetics, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying cosmetics and other product produced infringing Plaintiff's patent (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

50. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### CLAIMS RELATED TO U.S. PATENT NO. 10,301,099 B2

51. On May 28, 2019, U.S. Patent No. 10,301,099 B2 entitled "PACKAGE OF TREATMENT MATERIAL HEATED BY MICROWAVE" ("the '099 patent"), was duly and legally issued to inventors Sean Carolan and Tianna Jaisaard, the

principals of ST. TROPICA. A true copy of the '099 patent is attached hereto as **Exhibit A**.

52. ST. TROPICA is the owner by assignment of the '099 patent with full and exclusive right to bring suit to enforce the '099 patent.

53. The '099 patent generally relates to method of applying cosmetic treatment material directly to the user's head hair by providing the treatment material, such as coconut oil, in a sealed flexible laminated plastic foil-free package, that may or may not include a spout, that can be heated in a microwave oven or hot water to the required temperature for ideal application. Exemplary Figs. 1-2 from the patent are reproduced below.



54.  On information and belief, the Defendants have been and are infringing, contributing to infringement, and/or inducing others to infringe the '099 patent by making, offering for sale, selling or importing cosmetics products that infringe the '099 patent. Defendants are sophisticated entities in the cosmetics and retail industries and are uniquely aware of the existence of patents associated with preparing and applying cosmetic treatments. Despite this, Defendants recklessly manufactured and utilized distinct flexible laminate microwaveable packages for cosmetic treatments which they either knew or should have known to have been illegally made using Plaintiff's patented invention. Certain Defendants, with knowledge of the infringing nature of the cosmetic treatment packages, ordered, manufactured, sold and distributed the infringing products to their customers with the specific intention of encouraging the further manufacture, sale, and distribution of the infringing product and the infringement of the '099 patent inherent therein. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States and Canada. For clarity images of an exemplar ST. TROPICA product practicing the patent and of an exemplar infringing product marketed and sold by Defendants are reproduced below:

///

///

///

| ST TROPICA PATENTED PRODUCT EXEMPLAR | DEFENDANTS' ACCUSED PRODUCT EXEMPLAR |
|---|---|
|  |  |
|  |  |

55. Specifically, the patented claims 1-9 read on the Defendants' product, including but not limited to the accused product exemplar identified and pictured above, in at least the following ways: Defendants' products employ a method for applying cosmetic treatment to the head hair of a user by supplying the treatment material in a sealed flexible laminate plastic package that is foil free that has an oxygen transfer rate that allows it to be heated correctly and consistently in a microwave oven or in a hot water bath with the package remaining sealed, an opening is made in the package, the warmed treatment material is removed from the package, the warmed treatment material is applied directly to the head hair of the user, the package is Bisphenol A (BPA)-free, the package is formed of a laminate of polyester film and polyethylene film, the treatment material comprises coconut oil which is solid at room temperature and is warmed to a temperature sufficient to melt the coconut oil to form a liquid, a built-in spout is formed at the package opening at defined location re-sealing the opening, and the laminate of plastic materials is transparent and reverse printing is applied to cover the package apart from a transparent window in the package formed by omitting the reverse printing at the window.

56. On information and belief, the Defendants have willfully infringed the '099 patents by continuing their acts of infringement after being on notice of the patent.

## FIRST CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

57. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

58. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '099 patent by making, using, importing, offering for sale, and/or selling cosmetic

products that infringe the '099 patent, and/or by inducing or contributing to the infringement of the '099 patent by others.

59. Plaintiff marked its patented material in the United States and international markets with a "PATENT PENDING" indicator from the beginning of 2014. Plaintiff further directly advised GIOVANNI in in February 2020 that its products violate Plaintiff's rights in the '099 patent. As such, Defendants, and each of them, had constructive notice through Plaintiff's marking, Plaintiff's Federal patent registration, and Plaintiff's direct cease and desist correspondence of Plaintiff's patent rights. Defendants', and each of their, exploitation of the patented material with such notice constitutes willful infringement.

Plaintiff has been damaged by the Defendants' infringement, and Defendants will continue their infringing activity and Plaintiff will continue to be damaged.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

a. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '099 patent in any manner;

b. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '099 patent;

c. a trebling of damages pursuant to 35 U.S.C. § 284;

d. an award of attorney fees pursuant to 35 U.S.C. § 285;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

1  A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND
2  CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

                                        Respectfully submitted,

Dated: November 11, 2020     By:    /s/ *Scott Alan Burroughs*
                                            Scott Alan Burroughs, Esq.
                                            Trevor W. Barrett, Esq.
                                            Justin M. Gomes, Esq.
                                            DONIGER / BURROUGHS
                                            Attorneys for Plaintiff